UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
FREEDOM MORTGAGE CORPORATION,

                                                Plaintiff,        **REPORT AND RECOMMENDATION**

        -against-                **22-cv-4827-DLI-ST**

MERCY RICH

                                              Defendant.
-----------------------------------------------------------------X
**TISCIONE, United States Magistrate Judge:**

Plaintiff, Freedom Mortgage Corporation ("Plaintiff"), brought an action to foreclose a mortgage pursuant to section 1351 of the New York Real Property Actions and Proceedings Law ("RPAPL") against Defendant Mercy Rich ("Defendant"). *See* Plaintiff's Memorandum of Law in Support of its Application for Judgment of Foreclosure and Sale ("Plaintiff's Memo") at 2, ECF 20-2.[1] To date, Defendant has failed to appear or otherwise defend this action and Plaintiff therefore moves for Default Judgment of Foreclosure and Sale. *Id.*

The Honorable Dora Lizette Irizarry referred this matter to the undersigned to issue a Report and Recommendation.

For the reasons set forth below, this Court respectfully recommends that the District Court grant Plaintiff's Motion for Default Judgment of Foreclosure and Sale, and award Plaintiff damages totaling **$538,735.97**, inclusive of attorneys' fees, as described herein. Additionally, this Court further recommends the appointment of a referee to effectuate a sale of the mortgaged property and to disburse the funds from such sale pursuant to RPAPL §1611.

---

[1] Note, Plaintiff's Memo itself is not numbered so the page numbers used above are to the pdf file page numbers (i.e. pdf page 2).

1

I. **BACKGROUND**[2]

**A. Factual Background**

*1. The Parties*

Plaintiff, "Freedom Mortgage Corporation, is incorporated under the laws of the State of New Jersey with its principal place of business at 907 Pleasant Valley Avenue, Suite 3, Mount Laurel, NJ 08054." *See* Plaintiff's Compl. at ¶ 2, ECF 1. Plaintiff is the owner and holder of the Note and Mortgage regarding the property at issue in this action and had possession of the same prior to the commencement of this action. *See* Plaintiff's Memo at 2 (citing Affidavit of Heather Marie Diaz, dated June 19, 2023 ("Plaintiff Aff."), at ¶ 4, ECF 20-3).

Defendant, Mercy Rich, executed a Mortgage that is secured by real property located at 242 Trout Brook Lane, Riverhead, NY 11901 (the "Property"). *Id.* (citing Declaration of Robert Tremaroli, Esq., dated June 22, 2023 ("Tremaroli Decl.") at ¶ 4, ECF 20-4, and Exhibit D [Certificate of Merit Pursuant to CPLR 3012-b], ECF 20-8). Plaintiff's Complaint specifically asserts that, upon information and belief, Defendant has, or claims to have, "some interest in or lien upon said mortgaged premises or some part thereof which interest or lien, if any, has accrued subsequent to the lien of plaintiff's mortgage, or has been paid or equitably subordinated to plaintiff's mortgage, or been duly subordinated thereto." *See* Plaintiff's Compl. at ¶ 3.

*2. Summary of Relevant Allegations*

Plaintiff brought this action "pursuant to New York Real Property Actions and Proceeding Law (RPAPL) Article 13, to foreclose on a Mortgage encumbering 242 Trout Brook Lane, Riverhead, NY 11901, together with the land, buildings, and other improvements located on the Property." *Id.* at ¶ 1.

---

[2] Given that Defendants have not responded to Plaintiff's Complaint or filed any papers in this lawsuit, the factual background is solely based upon Plaintiff's allegations in the Complaint, Plaintiff's Memo and supporting materials.

2

Plaintiff's First Cause of Action alleges the following. "On or about December 30, 2020, Mercy Rich executed and delivered to Mortgage Electronic Registration Systems, Inc. as mortgagee, as nominee for Freedom Mortgage Corporation, its successors and assigns a mortgage (hereinafter "mortgage") in the principal sum of $505,672.00 which was duly recorded in the Office of the Clerk of the County of Suffolk on June 01, 2021 in Liber 23281, Page 829 and the recording tax was duly paid." *Id.* at ¶ 7. "Thereafter, an assignment of mortgage from Mortgage Electronic Registration Systems, Inc. as mortgagee, as nominee for Freedom Mortgage Corporation, its successors and assigns to Freedom Mortgage Corporation was dated June 6, 2022 and recorded on July 15, 2022 in Book 23428 Page 944." *Id.* at ¶ 8.[3] "Plaintiff was the holder of the note and was assigned the mortgage prior to the commencement of this action. The note and mortgage have not been further assigned or transferred." *See* Plaintiff's Aff. at ¶ 4.

Plaintiff further alleges that: "Mercy Rich failed to make payment in accordance with the terms of the Note and Mortgage by not making the payment that was due on March 01, 2022 and subsequent payments." Plaintiff's Compl. at ¶ 9.[4] Finally, Plaintiff alleges that the following amounts are now due and owed under the Note and Mortgage: (1) Principal balance **$493,736.90**; and (2) Interest Rate of **2.7500%** accruing from February 01, 2022 together with late charges, monies advanced for taxes, assessments, insurance, maintenance and preservation of the Property, and the cost, allowances, expenses of sale, and reasonable attorneys' fees for the foreclosure. *Id.* at ¶ 10.[5]

---

[3] Note, the Tremaroli Decl. at ¶ 4 refers to "Book 23438 Page 944" instead of "Book 23428 Page 944" in Plaintiff's Compl. at ¶ 8.

[4] Plaintiff further alleges that on April 29, 2022, Plaintiff sent Defendant a Notice of Default pursuant to the Mortgage. *See* Plaintiff's Aff. at ¶ 7, ECF 20-3. Additionally, Plaintiff asserts that on April 2022, pursuant to RPAPL § 1304, Plaintiff mailed separately to each Borrower by certified and first-class mail a 90-Day Notice, together with an enclosed list of HUD counseling agencies. *See* Plaintiff's Memo at pdf page 3 (citing Plaintiff's Aff. at ¶ 9). *See* ECF 20-2.

[5] Note, Plaintiff's First Cause of Action is fully covered in ¶¶ 6-13 of Plaintiff's Compl. *See* ECF 1. Moreover, the full extent of calculations regarding these issues will be discussed *infra*.

Plaintiff's Second Cause of Action alleges that: "The mortgage provides that in the event of default, the plaintiff may recover all costs, including reasonable attorneys' fees, disbursements, and allowances provided by law in bringing any action to protect its interest in the premises, including foreclosure of the mortgage." *Id.* at ¶ 15.[6]

**B.     Procedural History**

Plaintiff filed its Complaint on August 16, 2022 alleging the two Causes of Action discussed above. *See* ECF 1. A Certificate of Merit was filed on August 16, 2022 as well. *See* Tremaroli Decl. at ¶ 9, ECF 20-4, and Exhibit D [Certificate of Merit Pursuant to CPLR 3012-b], ECF 20-8.

Summons was issued as to All Defendants on August 25, 2022. *See* ECF 6.

On September 4, 2022, Plaintiff filed a Notice of Pendency pursuant to RPAPL § 1331 and CPLR Article 65. *See* Tremaroli Decl. at ¶ 11, Ex. G [Notice of Pendency], ECF 20-11.

Defendant Rich was subsequently served with process. *See* Tremaroli Decl. at ¶ 10 (citing Exs. E and F to same) [Affidavit of Service, dated October 29, 2022 and Affidavit of Mailing, dated November 9, 2022 respectively and Affidavit of Additional Mailing, dated January 3, 2023][7], ECF 20-9 and ECF 20-10.

On January 10, 2023, the Clerk entered a Certificate of Default noting that it appeared "from the docket maintained in this action that defendant Mercy Rich has failed to appear or otherwise defend this action. . ." *See* ECF 13.

After various status reports, Plaintiff filed the instant Motion for Default Judgment and

---

[6] Note, Plaintiff's Second Cause of Action is fully covered in ¶¶ 14-15 of Plaintiff's Compl. *See* ECF 1. Again, the full extent of calculations regarding these issues will be discussed *infra*.
[7] Note, service was attempted on October 29, 2022 and November 9, 2022 as noted above, but the Affidavit of Service and Affidavit of Mailing were sworn on November 10, 2022 and November 11, 2022 respectively.

Foreclosure and Sale ("Motion") with supporting materials on June 26, 2023. *See* ECF 20. To date, Defendant has still failed to appear or otherwise defend this action.

On October 6, 2023, the Honorable Dora Lizette Irizarry referred this matter to the undersigned to issue a Report and Recommendation. *See* ECF entry dated October 6, 2023.

## II.     JURISDICTION

Federal subject matter jurisdiction exists in this case pursuant to 28 U.S.C. § 1332 because complete diversity exists among the Plaintiff and the Defendant and the amount in controversy, without interest and costs, exceeds $75,000.00.

## III.    LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure calls for a two-step process for obtaining a default judgment. *See Priestley v. Headminder, Inc.*, 647 F.3d 497, 504-05 (2d Cir. 2011). First, the plaintiff must request entry of default by the Clerk of the Court. *Id*. (citing Fed. R. Civ. P. 55(a)). Second, "If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." *See* Fed. R. Civ. P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

Once the plaintiff meets these requirements, the court must accept the factual allegations in the plaintiff's complaint as true and must draw all reasonable inferences in the plaintiff's favor. *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). Then, the court must determine whether these facts establish the Defendants' liability as a matter of law. *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (citations omitted). The court, however, "need not

credit the plaintiff's legal conclusions." *Gustavia Home, LLC v. White*, No. 116CV06926CBARER, 2017 WL 6403071, at *2 (E.D.N.Y. Apr. 28, 2017), *report and recommendation adopted*, No. 16CV6926CBARER, 2017 WL 6403858 (E.D.N.Y. Dec. 14, 2017) (internal citations omitted).

Unlike allegations pertaining to liability, allegations in the complaint relating to damages are not deemed admitted upon entry of default; instead, the court considers whether the plaintiff "has met the burden of proving damages to the court with 'reasonable certainty.'" *J & J Sports Prods., Inc. v. LX Food Grocery Inc.*, No. 15CV6505NGGPK, 2016 WL 6905946, at *2 (E.D.N.Y. Nov. 23, 2016) (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). A court need not conduct an evidentiary hearing to determine damages "as long as it ensured that there was a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997) (quoting *Fustok v. ContiCommodity Services, Inc.*, 873 F.2d 38, 40 (2d Cir. 1989)). "Detailed affidavits and other documentary evidence can suffice in lieu of an evidentiary hearing." *Llolla v. Karen Gardens Apartment Corp.*, No. 12-CV-1356 MKB JO, 2014 WL 1310311, at *3 (E.D.N.Y. Mar. 10, 2014), *report and recommendation adopted as modified*, No. 12-CV-1356MKB, 2014 WL 1311773 (E.D.N.Y. Mar 28, 2014) (internal citations omitted).

**IV. DISCUSSION**

**A. Liability**

"In an action to foreclose on a mortgage, the essential requirements of the plaintiff's case are proof of the existence of an obligation secured by a mortgage, and a default on that obligation." *United States v. Freidus*, 769 F. Supp. 1266, 1277 (S.D.N.Y. 1991) (citing *Northeast Savings, F.A. v. Rodriguez,* 553 N.Y.S.2d 490 (3d Dep't 1990)). Thus, once the plaintiff submits

the mortgage, the unpaid note, and evidence of default, it has established a *prima facie* entitlement to judgment, and the burden shifts to the defendant to rebut the plaintiff's evidence. *United States v. Watts*, No. 13-CV-3211 (ADS) (WDW), 2014 WL 4275628, at *2-3 (E.D.N.Y. May 28, 2014); *BH99 Realty, LLC v. Qian Wen Li*, No. 10-CV-693 (FB) (JO), 2011 WL 1841530, at *5 (E.D.N.Y. Mar. 16, 2011); *Wells Fargo Bank, N.A. v. Ullah*, No. 13-CV-485 JPO, 2015 WL 3735230, at *4 (S.D.N.Y. June 15, 2015); *Fleet Nat. Bank v. Olasov*, 16 A.D.3d 374 (2d Dep't 2005).

Here, this Court agrees with Plaintiff's Memo at 4 that "Plaintiff has established its *prima facie* entitlement to judgment by submitting the Note, Mortgage and Affidavit of Heather Marie Diaz ("Plaintiff Affidavit") as evidence of Defendant's failure to make mortgage loan payments as contractually required." *See* ECF 20-5 [Note], ECF 20-6 [Mortgage] and ECF 20-3 [Plaintiff's Aff.] respectively. Moreover, the Court further notes that the knowledge in Plaintiff's Aff. is based upon Heather Marie Diaz's "review of the business records of Freedom Mortgage Corporation," thereby bolstering this Court's liability determination. *See* Plaintiff's Aff. at ¶ 2.[8]

As noted *supra*, Defendant has not answered Plaintiff's Complaint or otherwise defended this action. Therefore, Defendant has failed to rebut Plaintiff's *prima facie* showing that Plaintiff is entitled to a judgment of foreclosure and sale. Accordingly, this Court respectfully recommends that the District Court order that the Property at issue be foreclosed upon and sold.

**B. Damages**

This Court concludes that Plaintiff's Aff. and other supporting materials provides a sufficient basis to calculate damages without an inquest hearing as to the principal amount due,

---

[8] This Court also notes the statement in Plaintiff's Memo at 4 that: "Plaintiff's affidavit was made based upon her review of the business records of Freedom mortgage Corporation; this satisfied *Fed. R. Civ. P. § 803(6). Bank of N.Y. Mellon v. Gordon*, 171 A.D. 3d 197, 209 (N.Y. App. Div. 2d Dept. 2019)." (emphasis added). Upon review, it appears that Plaintiff intended to refer to Fed. R. Evid. 803(6) (i.e. the business records exception to hearsay), but admissibility is not at issue at this stage anyway.

7

accrued interest, total escrow advances, property inspections, late charges prior to acceleration and other costs and disbursements. However, Plaintiff did not provide records for the mortgage insurance premiums that Plaintiff seeks reimbursement for, which will be discussed *infra*. Moreover, Plaintiff also requests attorneys' fees but did not submit contemporaneous time records, or an accounting of hours expended in legal work. Instead, Plaintiff's counsel relied upon the fact that they billed a flat fee for the instant foreclosure action, which will be addressed *infra* as well.

As liability has been established, this Court must now ascertain damages with "reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999); *OneWest Bank, N.A. v. Denham*, No. CV 14-5529 DRH AKT, 2015 WL 5562980, at *8 (E.D.N.Y. Aug. 31, 2015), *report and recommendation adopted*, No. 14 CV 5529 DRH AKT, 2015 WL 5562981 (E.D.N.Y. Sept. 21, 2015) ("Although a default judgment entered on the well-pleaded allegations in the complaint establishes a defendant's liability, a plaintiff must still prove damages.").

To prove damages, the movant need only show that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 159 (2d Cir. 1992). An evidentiary hearing is not required so long as there is a basis, demonstrated through detailed affidavits and other documentary evidence, for the damages awarded. *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (internal citations and quotations omitted); *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991). Finally, on a Motion for Default Judgement, the determination of default damages should be made under the terms of the Note and Mortgage. *Cit Bank v. Dambra*, No. 14CIV3951SLTVMS, 2015 WL 7422348, at *2 (E.D.N.Y. Sept. 25, 2015), *report and recommendation adopted sub nom. CIT Bank, N.A. v. Dambra*, No.

8

14CV3951SLTVMS, 2015 WL 7430006 (E.D.N.Y. Nov. 20, 2015) (construing damages based upon "the terms of the Mortgage"); *Builders Bank v. Rockaway Equities, LLC*, No. CV 2008-3575 MDG, 2011 WL 4458851, at *5 (E.D.N.Y. Sept. 23, 2011) ("Since plaintiff also seeks entry of a default judgment against defendant Yaron Hershco, the extent of default damages that may be assessed against him must be determined in accordance with the terms of the guaranty he signed.").

Here, Plaintiff's instant Motion "relies on the [Plaintiff Aff.]. As part of Heather Marie Diaz' regular performance of her job functions, she is familiar with the business records maintained by the plaintiff, for the purpose of servicing mortgage loans." *See* Plaintiff's Memo at 5. Indeed, this Court also notes that Plaintiff's Aff. attaches several records for the Court to consider here, which will be discussed *infra*. In short, this Court concludes that Plaintiff's Aff. and other supporting materials provides a sufficient basis "to demonstrate an entitlement to damages under the note and mortgage," with the exception of the mortgage insurance premium, for the reasons discussed below. *See* Plaintiff's Memo at 5 (collecting cases).[9]

1. *Plaintiff's Damages Calculations*

Plaintiff's Aff. at ¶ 12 asserts that Plaintiff is entitled to $534.372.99 for Total Default damages. Moreover, Plaintiff's counsel requests an additional $5,650.00 to cover a flat fee for attorney services rendered. *See* Declaration of Services Rendered by Robert Tremaroli, Esq., ECF 20-16. Finally, Plaintiff also requests $1,378.58 in costs and disbursements. *See* ECF 20-15 [Bill of Cost]. Hence, Plaintiff's total requested amount is **$541,401.57.** This Court will first provide a breakdown below of Plaintiff's total requested damages and then proceed to examine each calculation in-depth.

---

[9] Note, this Court also concludes that Plaintiff's counsel should receive a lesser amount of attorneys' fees than requested in the instant Motion and the Court will provide its reasons for this recommendation in the analysis *infra*.

9

| Category[10] | Calculation/Source of Amount | Totals |
|---|---|---|
| Principal Balance | Per Plaintiff Aff. at ¶ 3, original amount was $505,672.00. *See also* ECF 20-6 [Mortgage].<br><br>However, per Plaintiff Aff. at ¶ 6, the unpaid balance due as of March 1, 2022 was $493,736.90. *See also* Current Principal Balance in ECF 20-3 [Records attached to Plaintiff's Aff.] at pdf page 7. | $493,736.90 |
| Interest | Interest from 2/1/2022 to 07/01/2023 at 2.750%. *See* Plaintiff's Aff. at ¶ 12; Note, ECF 20-5 at 1. | $18,941.04 |
| Total Escrow Advances | *See* Plaintiff's Aff. at ¶ 12; ECF 20-3 [Records attached to Plaintiff's Aff.] at pdf page 7. | $20,421.60 |
| Property Inspections | *See* Plaintiff's Aff. at ¶ 12; ECF 20-3 [Records attached to Plaintiff's Aff.] at pdf pages 7-8.[11] | $195.00 |
| Mortgage Insurance Premiums | *See* Plaintiff's Aff. at ¶ 12. *Note, as discussed *infra*, this Court does not see a basis for this calculation elsewhere in the record. | $665.60 |
| Late Charges Prior to Acceleration | *See* Plaintiff's Aff. at ¶ 12; ECF 20-3 [Records attached to Plaintiff's Aff.] at pdf page 7. | $412.85 |
| Attorney's Fees | *See* Declaration of Services Rendered by Robert Tremaroli, Esq., ECF 20-16 (discussing flat | $5,650.00 |

---

[10] Note, except for the Attorneys' Fees and Costs and Disbursements categories, all categories and totals are lifted from the table provided in Plaintiff's Aff. at ¶ 12, ECF 20-3.

[11] Note, this calculation is less clear than the others, but the Court still concludes it is reasonable based upon the figures provided in the records attached to Plaintiff's Aff. as discussed *infra*.

10

|  | fee provided for attorney services rendered) |  |
|---|---|---|
| Costs and Disbursements | *See* Bill of Costs, ECF 20-15. | $1,378.58 |
| **Total** |  | **$541,401.57** |

*a. Principal Balance*

Per the terms of the Mortgage, Defendant was originally required to pay the principal balance of $505,672.00. *See* Plaintiff Aff. at ¶ 3; ECF 20-6 [Mortgage]. However, per Plaintiff's Aff. at ¶ 6, the unpaid balance due as of March 1, 2022 was $493,736.90. *See also* Current Principal balance in ECF 20-3 [Records attached to Plaintiff's Aff.] at pdf page 7. Consistent with these records, Plaintiff's Aff. at ¶ 6 further alleges that Defendant, as the borrower, "defaulted on the loan by failing to make monthly payments due on March 1, 2022 and continuing to the present." Therefore, this Court concludes that Plaintiff is entitled to the outstanding principal balance of **$493,736.90** through foreclosure and sale of the Property.

*b. Interest*

Plaintiff also seeks $18,941.04 in interest. *See* Plaintiff's Aff. at ¶ 12. As set forth in Plaintiff's Aff. at ¶ 12 and the Note itself, *see* ECF 20-5 at 1, interest was due from February 1, 2022 to July 1, 2023 at the rate 2.750%. Unfortunately, Plaintiff did not provide a breakdown of the calculations used to reach the total of $18,941.04. Thus, this Court will use its typical method for calculating such interest in damages inquests, which shows that Plaintiff's requested amount is reasonable here. To be clear, this Court will offer some clarifications below, but this Court ultimately concludes that, if anything, Plaintiff under-requested the amount of interest due and that Plaintiff's requested amount is proper. This Court has calculated the interest due as follows:

1. As discussed *supra*, the outstanding principal balance is $493,736.90. Hence, the principal needs to be multiplied by the applicable interest rate of 2.750% and then divided by 365

days to determine the *per diem* interest rate.  The *per diem* interest rate is then multiplied by the number of days from the relevant period of February 1, 2022 to July 1, 2023.

    i. *Per diem* rate= $37.20 (rounded to nearest hundredth)

    ii. $37.20 * 516 days= $19,195.20

Given that Plaintiff has not provided any calculations, this Court will not speculate how Plaintiff determined a lower total of $18,941.04 versus $19,195.20.  However, based upon this Court's own interest calculations, this Court concludes that Plaintiff's requested total of **$18,941.04** is reasonable and, therefore, recommends that amount here.

    *c. Total Escrow Advances*

Upon reviewing Plaintiff's Aff. at ¶ 12 and records attached to Plaintiff's Aff. at pdf page 7, this Court concludes that Plaintiff's records provide a sufficient basis for Plaintiff's requested amount of $20,421.60.  Given that Defendant has not responded to this action or provided any alternate documentation, this Court recommends that Plaintiff be awarded **$20,421.60** in Total Escrow Advances.

    *d. Property Inspections*

After reviewing Plaintiff's Aff. at ¶ 12 and records attached to Plaintiff's Aff. at pdf pages 7-8, this Court concludes that Plaintiff's records provide a sufficient basis for Plaintiff's requested amount of $195.00.  To be clear, as discussed *supra*, this calculation is less clear than the others.  This is because neither Plaintiff's Aff. nor the supporting records themselves provides a basis of how the $195.00 total is calculated.  Yet, pdf pages 7-8 of Plaintiff's supporting records in ECF 20-3 list the following expense amounts related to Property Inspections: (1) $15.00 posted on 04/20/22; (2) $30.00 posted on 05/23/22; (3) $45.00 posted on 06/17/22; (4) $90.00 posted on 07/15/22 (for a property inspection-related photo) and (5) $60.00 posted on 07/15/22.  These

figures alone total $240.00 in addition to thousands of dollars of other Property Inspection Fees expenses listed in the subsequent pages. Again, Plaintiff provided no basis for the calculation of $195.00 so this Court is not going to speculate and calculate a higher total. However, this Court concludes based upon the figures listed above that **$195.00** is a reasonable amount to be awarded and will therefore recommend that amount here.

　　*e. Mortgage Insurance Premiums*

Plaintiff also requests $665.60 in mortgage insurance premiums. *See* Plaintiff's Aff. at ¶ 12. However, as noted in the table above, this Court does not see a basis for this calculation elsewhere in the record. Indeed, whenever the $665.60 figure is mentioned elsewhere in the record, such as the Tremaroli Decl. at ¶ 14, the only citation in support of this amount is Plaintiff's Aff. at ¶ 12, which, in turn, does not rely upon any records. This Court concludes that such conclusory statements cannot serve as the basis for awarding additional damages. Moreover, the Mortgage Insurance Premiums category is unlike the Property Inspections discussed *supra* because there are no records showing how *any* mortgage premiums were calculated. Therefore, this Court concludes that no damages should be awarded for mortgage insurance premiums.

　　*f. Late Charges Prior to Acceleration*

After reviewing Plaintiff's Aff. at ¶ 12 and records attached to Plaintiff's Aff. at pdf page 7, this Court concludes that Plaintiff's records provide a sufficient basis for Plaintiff's requested amount of $412.85. Again, given that Defendant has not responded to this action or provided any alternate documentation, this Court recommends that Plaintiff be awarded **$412.85** in Late Charges Prior to Acceleration.

　　*g. Attorneys' Fees*

Plaintiff seeks $5,650.00 in attorneys' fees. *See* Declaration of Services Rendered at ¶ 5,

13

ECF 20-16.  Notably, Plaintiff's Declaration of Services Rendered provides that: "A total *flat fee* of $5,650.00, will be charged to the Plaintiff upon completion of the above referenced action.  This amount reflects a common standard rate requested by counsel representing plaintiffs for similar legal work in Suffolk County."  *Id.* (emphasis added).  Moreover, "[t]he flat fee amount is reasonable compensation for the legal work required to complete a foreclosure action.  Work is not billed to the client or included as a recoverable attorney fee unless it is performed."  *Id.*  Most importantly, Plaintiff's counsel conceded that: "Because this office charges a flat fee for foreclosure work, *individual time sheets are not maintained*." *Id.* at ¶ 6 (emphasis added).  Hence, the question is what attorneys' fees, if any, are appropriate when Plaintiff's counsel fails to provide any contemporaneous time records or similar documentation, but does submit a declaration asserting that a flat rate was used.  For the following reasons, this Court recommends a reduced attorneys' fees award of $3,650.00.

This Court concludes that the case *Nationstar Mortg. LLC v. Mullany*, No. 16CV5501ADSAYS, 2018 WL 4658437, at *6 (E.D.N.Y. Sept. 11, 2018), *report and recommendation adopted*, No. 216CV05501ADSAYS, 2018 WL 4637352 (E.D.N.Y. Sept. 27, 2018) is instructive.  In *Nationstar*, the EDNY recommended damages for a default judgment and specifically addressed the "flat rate" attorneys' fees issue here.  Analogous to this case, in *Nationstar* "[r]ather than providing contemporaneous time records, plaintiff's counsel states that he charged a flat fee of $4,950.00 for this matter."  *Id.*  "Ordinarily, without detailed time records, this Court cannot make a meaningful assessment of the reasonableness of attorneys' fees."  *Id.* (citations omitted).  "Moreover, since plaintiff has chosen to litigate in federal court, its counsel should be aware of the requirements for a fee award. 'However, adherence to fee calculations based on a lodestar may effectively raise costs to the defendant in routine collection cases.'"  *Id.* (quoting

*OneWest Bank, NA v. Raghunath,* No. 14-CV-3310 RJD MDG, 2015 WL 5772272, at *6 (E.D.N.Y. Sept. 8, 2015)).

The *Nationstar* Court concluded that: "Given the amount of work reflected in the plaintiff's submissions and the work described in counsel's affirmation as having been performed, this Court finds an award for attorneys' fees *is appropriate under the circumstances*." *Id.* (comparing cases) (emphasis added). "On the other hand, the work required in this matter *may have been less than the typical case* since it has not been contested by any Defendant. Thus, absent further explanation, this Court recommends a *lesser amount* of fees than the flat rate. . ." *Id.* (emphasis added). Finally, the *Nationstar* Court ultimately provided that: "this Court respectfully recommends awarding plaintiff attorney's fees of $3,500, notwithstanding the absence of any time records."

Similarly here, this Court also recommends that a "lesser amount of fees than the flat rate" is warranted "absent further explanation." Plaintiff's Decl. of Services Rendered at ¶ 6 submits that the following services were performed in connection with this case:

a) Receipt and review of file, establishing office file, ordering of foreclosure search

b) Receipt and review of foreclosure search and supporting documents

c) Preparation of Summons, Complaint and Notice of Pendency

d) Monitoring service of process on all parties

e) Preparation and submission of request for Default against parties and monitoring for Clerk's certificate of default

f) Receipt and review of indebtedness figures; Preparation of Plaintiff affidavit

g) Preparation of proposed Judgment of Foreclosure and Sale and supporting documents; submission of same to Court, monitoring for execution of Judgment

h) Communications with client regarding the case

15

Additionally, Plaintiff's Decl. of Services Rendered at ¶ 6 lists other work that may be required "after judgment is granted", which includes:

a) Preparation for sale: Review of file, scheduling sale with referee, preparing and serving notice of sale, arranging for publication of the notice of sale, ordering and reviewing updated tax search, preparation and review of bid calculation and bidding instructions, preparation of terms of sale, preparation of deed and transfer documents for referee.

b) Post-sale activity: Preparation of report of sale, obtaining proof of publication and affidavits of posting; file necessary post-sale documentation, record referee's deed, provide status to the Court, confirm timely filing of Surplus Money Form.

When reviewing the above list of work provided by Plaintiff, this Court is left in the analogous position to the *Nationstar* Court, namely that while Plaintiff's counsel has performed substantial work, "the work required in this matter *may have been less than the typical case* since it has not been contested by any Defendant." *Nationstar*, 2018 WL 4658437, at *6 (emphasis added). Given that Plaintiff's counsel seeks a flat fee of $5,650.00 but has not provided any billing records, this Court recommends a reduced award of attorneys' fees here of **$3,650.00**.[12]

*h. Costs and Disbursements*

Though not in Plaintiff's Aff., Plaintiff also seeks an additional $1,378.58 "for costs and disbursements in this action to be taxed by the Clerk, with interest from the date hereof." *See* ECF 20-1 [Proposed Judgment]. Plaintiff appears to rely upon Paragraph 24 of the Mortgage for this contention, which provides in relevant part that: "Lender will have the right to collect all costs allowed by law, including, but not limited to reasonable attorneys' fees and costs of title evidence."[13]  *See* ECF 20-6 [Mortgage] at pdf page 13. Additionally, Plaintiff has provided a

---

[12] While *Nationstar* was a helpful starting point for this Court here, this Court is not bound by the same reduction amounts and concludes that a reduction of $2,000.00 is reasonable based upon the Court's review of the record.
[13] Plaintiff cites Paragraph 22 instead in ECF 20-15 [Bill of Costs], but Paragraph 22 addresses Grounds for Acceleration of Debt, which is a different issue. ECF 20-6 [Mortgage] at pdf page 12.

detailed breakdown with supporting records/receipts in the Bill of Costs, *see* ECF 20-15 [Bill of Costs], which is summarized below as follows:

- Fee for Civil Case Filing Inc. Administrative Fee- 28 USC §1914(a)    $402.00
- Serving copy Summons & Complaint CPLR Sec. 8301(d)    $635.00
- Paid for searches CPLR Sec. 8301(a)10    $55.00
- Skip Trace fees CPLR Sec. 8301(d)    $60.00
- Clerk's fee, filing of Notice of Pendency- CPLR Sec. 8021(a)10    $226.58

**Total**                                                                                           **$1,378.58**

Based upon the documentation Plaintiff provided, this Court recommends awarding **$1,378.58** for costs and disbursements. However, because Plaintiff's Bill of Costs does not seek interest for these costs and disbursements and because the Mortgage itself does not provide that interest is recoverable for these expenses, this Court does not recommend interest for this category despite the language in Plaintiff's Proposed Judgment requesting interest.

*i. Appointment of Referee*

Plaintiff requests appointment of a referee to "effectuate a sale of the mortgaged property and to disburse the funds from such sale pursuant to RPAPL §1611." *See* Plaintiff's Memo at 6, ECF 20-2. "[O]nce a plaintiff mortgagee in a foreclosure action has established a prima facie case by presenting a note, a mortgage, and proof of default, it has a presumptive right to foreclose that can only be overcome by an affirmative showing by the mortgagor." *See, e.g.*, *Onewest Bank, N.A. v. Cole*, No. 14-CV-03078 (FB) (RER), 2015 WL 4429014, at *5 (E.D.N.Y. July 17, 2015), *as amended*, 2016 WL 11395013 (E.D.N.Y. Jan. 19, 2016), *adopted sub nom*, 2016 WL 1069951 (E.D.N.Y. Mar. 18, 2016) (quoting *U.S. v. Watts*, No. 13–CV–3211 (ADS)(WDW), 2014 WL 4275628, at *3 (E.D.N.Y. May 28, 2014), *adopted by*, 2014 WL 4293815 (E.D.N.Y. Aug. 28, 2014)). Further, courts routinely appoint referees to effectuate the sale of foreclosed properties. *See, e.g., PMP Tech. Servs., LLC v. Mazoureix*, No. 14-cv-4834, 2015 WL 5664823, at *1

17

(E.D.N.Y. Sept. 23, 2015) (awarding a judgment of foreclosure and sale under the supervision of a referee); *E. Sav. Bank, FSB v. Evancie*, No. 13-cv-878, 2014 WL 1515643, at **1,4 (E.D.N.Y. Apr. 18, 2014) (same). As noted *supra*, Defendant has not answered or otherwise responded with respect to Plaintiff's Complaint, and Defendant's timing to do so has expired. *See* Clerk's Entry of Default, ECF 13. Hence, this Court recommends appointment of a referee as well.

## V. CONCLUSION

For the foregoing reasons, this Court recommends that Plaintiff be awarded **$538,735.97**, which includes (1) $493,736.90 for the outstanding principal balance; (2) $18,941.04 in interest; (3) $20,421.60 in total escrow advances; (4) $195.00 in property inspection fees; (5) $412.85 in late charges prior to acceleration; (6) $3,650.00 in attorneys' fees and (7) $1,378.58 for costs and disbursements. Additionally, this Court further recommends the appointment of a referee to effectuate a sale of the mortgaged property and to disburse the funds from such sale pursuant to RPAPL §1611. Finally, Plaintiff is directed to serve a copy of this Report and Recommendation upon Defendant at his respective last known address via return receipt delivery and to file proof of service with the Court within three (3) days of the date of this Report and Recommendation.

## VI. OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *Tavarez v. Berryhill*, No. 15-

18

CV-5141 (CS) (LMS), 2019 WL 1965832, at *30 (S.D.N.Y. May 1, 2019); *see also Thomas v. Arn,* 474 U.S. 140 (1985).

**SO ORDERED.**

                                               /s/ Steven Tiscione  
                                               Steven Tiscione  
                                               United States Magistrate Judge  
                                               Eastern District of New York

Dated: Central Islip, New York  
March 8, 2024